IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. OWENS,<br><br>    Petitioner,<br><br>  v.<br><br>RON DAVIS, Warden,<br><br>    Respondent. | No. C 15-4968 RMW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.**    **Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Order to Show Cause
P:\PRO-SE\RMW\HC.15\Owens968osc.wpd

**B.     Petitioner's Claim**

As grounds for federal habeas relief, petitioner alleges that he was denied due process in conjunction with his 2012 rules violation, resulting in his placement into administrative segregation and loss of time credits. Liberally construed, the court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." She must

Order to Show Cause
P:\PRO-SE\RMW\HC.15\Owens968osc.wpd            2

1  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
2  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3       IT IS SO ORDERED.
4  DATED:   1/11/2016

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge